UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Right to Life of Michigan** and **Pregnancy Resource Center,**<br><br>        Plaintiffs,<br><br>v.<br><br>**Dana Nessel,** in her official capacity as Attorney General of Michigan; **John E. Johnson, Jr.,** in his official capacity as Executive Director of the Michigan Department of Civil Rights; **Luke R. Londo, Gloria E. Lara, Richard R. White III, Portia L. Roberson, Zenna Faraj Elhason, Regina Marie Gasco, Rosann L. Barker,** and **Skot Welch,** in their official capacities as members of the Michigan Civil Rights Commission,<br><br>        Defendants. | Case No. 1:26-cv-390<br><br>**Plaintiffs' Preliminary Injunction Motion**<br><br>*Oral Argument Requested* |

  Under Federal Rule of Civil Procedure 65, Plaintiffs Right to Life of Michigan (Right to Life) and Pregnancy Resource Center (PRC) request a preliminary injunction to stop the named Defendants, Dana Nessel, John E. Johnson, Jr., Luke Londo, Gloria Lara, Richard White III, Portia Roberson, Zenna Faraj Elhason, Regina Marie Gasco, Rosann Barker, and Skot Welch, are members of the Commission (Michigan or Defendants), all in their official capacities, from violating Plaintiffs' rights under the First and Fourteenth Amendments of the United States Constitution.

  Right to Life and PRC ask that the preliminary injunction enjoin the named Defendants, their officers, agents, servants, employees, attorneys, and those

persons in active concert or participation with them who receive actual notice of this order from doing the following:

- Enforcing Michigan's Employment Clause (MCL 37.2202(1)) to prevent Right to Life from adopting and following a policy, pattern, or practice of only recruiting, hiring, employing, and retaining employees who agree with, abide by, and live consistent with its position on abortion, including as described in the Verified Complaint and in their amended employment documents (Verified Complaint Exhibits 2, 4, 5, and 8). This includes Right to Life's Communications Director and Content Contributor & Event Coordinator positions and any other position that becomes open in the future;

- Enforcing Michigan's Employment Clause (MCL 37.2202(1)) to prevent PRC from adopting and following a policy, pattern, or practice of only recruiting, hiring, employing, and retaining employees who agree with, abide by, and live consistent with its position on abortion, including as described in the Verified Complaint and in their amended employment documents (Verified Complaint Exhibits 10 and 14). This includes PRC's Lead First Steps Coordinator, Advocate Coordinator, and CEO Executive Assistant positions and any other position that becomes open in the future;

- Enforcing Michigan's Notice Clause (MCL 37.2206(1)–(2)) to prevent Right to Life from posting its desired amended employment documents and email (Verified Complaint Exhibits 2, 4, 5, and 8) and materially similar statements on its website and other job search sites and from asking prospective employees questions sufficient to learn their views on Right to Life's positions on abortion outlined in those documents and in the Verified Complaint;

- Enforcing Michigan's Notice Clause (MCL 37.2206(1)–(2)) to prevent PRC from posting its desired amended employment documents (Verified Complaint Exhibits 10 and 14) and materially similar statements on its website and other job search sites and from asking prospective employees questions sufficient to learn their views on those documents, PRC's Positions, and PRC's views outlined in the Verified Complaint;
- Enforcing Michigan's Benefits Clause (MCL 37.2202(1)(c)) to require Right to Life and PRC to provide insurance to employees that includes coverage for elective abortions that contradict their beliefs;
- Enforcing Michigan's Accommodation Clause MCL (37.2302(a)) to prevent PRC from adopting and following a policy, pattern, or practice of only recruiting and accepting volunteers who agree with, abide by, and live consistent with PRC's Positions as described in the Verified Complaint and its attachments. This includes PRC's volunteers for its administrative assistants, special projects, support services, baby bottles, cleaning, small groups, and prayer team, or any other positions that become open in the future; and
- Enforcing Michigan's Accommodation Publication Clause (MCL 37.2302(b)) to prevent PRC from emailing its desired amended volunteer application (Verified Complaint Exhibit 16) or materially similar statements to prospective volunteers.

The accompanying Brief in Support of Their Preliminary Injunction (Brief) explains that Right to Life and PRC are likely to succeed on the merits of their claims. The following chart summarizes Michigan's law, the effects of the law on Right to Life and PRC, and how the law violates their constitutional rights. The details of this chart are more fully explained in the Brief.

3

| Law | Text Summary | Effects |
|---|---|---|
| *Employment Clause* MCL 37.2202 | Prohibits failing to hire or recruit employees or applicants "because of ... sex," defined to include "termination of a pregnancy." | The clause requires Right to Life and PRC to recruit and hire employees who would support, encourage, or pursue an abortion while employed. This violates:<br>1. Right to Life's and PRC's right to expressive association.<br>2. Right to Life's and PRC's right of assembly.<br>3. PRC's religious autonomy.<br>4. PRC's free exercise. |
| *Notice Clause* MCL 37.2206 | Prohibits posts with a preference for employees "based on ... sex," including "termination of a pregnancy," and prohibits oral and written materials eliciting information about an applicant's or an employee's "sex." | This clause prohibits Right to Life and PRC from publishing materials identifying their expectations for employees on abortion. This violates:<br>1. Right to Life's and PRC's freedom of speech. |
| *Benefits Clause* MCL 37.2202 | Prohibits "classify[ing]" "a benefit plan" "on the basis of sex," defined to include "termination of a pregnancy." | This clause requires Right to Life and PRC to offer abortion coverage in their insurance plans. This violates:<br>1. Right to Life's and PRC's right to privileges or immunity.<br>2. Right to Life's and PRC's right to due process.<br>3. PRC's religious autonomy.<br>4. PRC's free exercise. |
| *Accommodation Clause* MCL 37.2302 | Prohibits denying a "service," "privilege" or "advantage" "because of" sexual orientation and religion. | This clause requires PRC to accept volunteers who do not share its religious beliefs. This violates:<br>1. PRC's right to expressive association.<br>2. PRC's right of assembly.<br>3. PRC's religious autonomy.<br>4. PRC's free exercise. |

4

| | | |
|---|---|---|
| *Accommodation Publication Clause* MCL 37.2302 | Prohibits publications indicating a "service[]," "privilege[]," or "advantage[]" will be denied "because of" sexual orientation or religion, or indicating a person is "objectionable, unwelcome, unacceptable, or undesirable" because of sexual orientation or religion. | This clause prohibits PRC from publishing materials identifying their expectations for volunteers. This violates: 1. PRC's freedom of speech. |

Absent a preliminary injunction, Right to Life and PRC will suffer irreparable harm from the ongoing loss and violation of their First Amendment rights. The requested preliminary injunction serves the public interest, and the balance of the equities favors Right to Life and PRC. In support of its motion, Right to Life and PRC rely on any oral argument permitted and on the following documents:

- Plaintiffs' Verified Complaint and the exhibits accompanying it;
- Plaintiffs' Brief in Support of Their Preliminary Injunction;
- James Sprague's Declaration in Support of Plaintiffs' Preliminary Injunction Motion, dated February 3, 2026, and the documents accompanying it;
- Amber Roseboom's Declaration in Support of Plaintiffs' Preliminary Injunction Motion, dated February 4, 2026, and the documents accompanying it;
- Any relevant documents submitted by Defendants;
- Any supplemental declarations, appendices, or exhibits in support of Plaintiffs' Preliminary Injunction Motion and related documents; and
- Plaintiffs' Reply in Support of its Preliminary Injunction Motion (if filed) and supporting documents (if any).

5

      Plaintiffs also ask this Court to waive any bond because this requested injunction serves the public interest by vindicating First Amendment rights. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1175–76 (6th Cir. 1995) (upholding district court's decision to waive bond requirement given the strength of the arguments and the public interest involved).

      Plaintiffs also request oral argument to be heard at a time and date set by the Court. Local Civil Rules, Rule 7.2(d).

Respectfully submitted this 6th day of February 2026.

|  |  |
|---|---|
|  | By: s/John J. Bursch |
| Arie M. Jones | John J. Bursch |
| Virginia Bar No. 98248 | Michigan Bar No. P57679 |
| **Alliance Defending Freedom** | **Alliance Defending Freedom** |
| 44180 Riverside Pkwy. | 440 First Street NW, Suite 600 |
| Lansdowne, Virginia 20176 | Washington, DC 20001 |
| (571) 707-4655 | (202) 393-8690 |
| (571) 707-4790 Fax | (202) 347-3622 Fax |
| arjones@ADFlegal.org | jbursch@ADFlegal.org |
|  |  |
| Suzanne E. Beecher | Henry W. Frampton, IV |
| California Bar No. 329586 | South Carolina Bar No. 75314 |
| **Alliance Defending Freedom** | Bryan D. Neihart |
| 440 First Street NW, Suite 600 | Arizona Bar No. 035937 |
| Washington, D.C. 20001 | **Alliance Defending Freedom** |
| (202) 393–8690 | 15100 N. 90th Street |
| sbeecher@adflegal.org | Scottsdale, Arizona 85260 |
|  | (480) 444-0020 |
|  | (480) 444-0028 Fax |
|  | hframpton@ADFlegal.org |
|  | bneihart@ADFlegal.org |

*Attorneys for Plaintiff*

## Certificate of Service

  I hereby certify that on the 6th day of February, 2026, I electronically filed the foregoing document with the Clerk of Court using the ECF system. The foregoing document will be served via private process server with the Summons and Complaint to all defendants.

<u>s/ John J. Bursch</u>
John J. Bursch
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC. 20001

*Attorney for Plaintiff*
