UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIGHT TO LIFE OF MICHIGAN,
et al.,

        Plaintiffs,

                                  Case No. 1:26-cv-390

v.

                                  HON. ROBERT J. JONKER

DANA NESSEL, et al.,

        Defendants,

_____ /

## CERTIFICATE TO MICHIGAN SUPREME COURT

As explained by the Court's Opinion and Order (ECF No. 61), this case presents unsettled issues of state law that will likely affect the outcome of Plaintiffs' constitutional claims, such that certification of the questions to the Michigan Supreme Court is appropriate. *See* M.C.R. 7.308(A)(2); L. Civ. R. (W.D. Mich.) 83.1; *cf. Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393-97 (1988) (certifying disputed state law questions to the Virginia Supreme Court where the interpretation would resolve or "drastically alter[]" the plaintiff's First Amendment claims). Because the Court entered a preliminary injunction against Defendants that prevents enforcement and preserves the status quo at this early stage in litigation, certification will not cause undue delay or prejudice to the parties. *See* L. Civ. R. (W.D. Mich.) 83.1. So nothing weighs against certification here. To the contrary, given the strong public interest in these state law questions, "judicial federalism and comity strongly counsel in favor of providing" the Michigan Supreme Court with an "opportunity to interpret" Michigan law first. *Planned Parenthood of Cincinnati Region v. Strickland*, 531 F.3d 406, 408 (6th Cir. 2008); *see generally In re Certified Questions From United States Dist. Ct. , W. Dist. of Michigan , S. Div.*, 506 Mich. 332 (2020). Accordingly, as the Court

1

previously held, certification is proper under Michigan law, this Court's local rules, and controlling precedent.

As requested by the Court in its Opinion and Order, the parties have submitted additional briefing addressing the Court's proposed questions for certification. (ECF Nos. 67-68). After considering the parties' comments and proposals, the Court certifies the following questions to the Michigan Supreme Court:

1.  Do ELCRA's Employment Clauses (MCL 37.2202(1)(a)-(d)) prohibit an employer, like Right to Life and PRC, from declining to recruit, hire, employ, or retain an individual because the individual: (a) had an abortion; (b) advocates for abortion; (c) associates with people who have received an abortion; (d) contemplates having an abortion while employed; or (e) holds or expresses pro-choice viewpoints?

2.  Does ELCRA's Notice Clause (MCL 37.2206(1)-(2); MCL 37.2207) prohibit an employer from (a) publishing statements that indicate a preference against candidates who fall into any of the categories specified in Question 1; or (b) asking questions to elicit information related to whether candidates fall into any of the categories specified in Question 1?

3.  Does ELCRA's Benefits Clause (MCL 37.2202(1)(c)) prohibit an employer, like Right to Life and PRC, from refusing to cover abortion-related services and drugs in its health care packages, even if the employer offers otherwise comprehensive health benefits to all eligible employees?

4.  Do ELCRA's Accommodations Clauses (MCL 37.2301; 37.2302(a)) prohibit an employer, like PRC, that offers volunteer opportunities from discriminating against individuals that want to volunteer for the employer?

5.  If the answer to Question 4 is "yes," does ELCRA's Accommodations Clause (MCL 37.2302(a)) prohibit a place of public accommodation from declining its accommodations to an individual because the individual: (a) had an abortion; (b) advocates for abortion; (c) associates with people who have received an abortion; (d) holds or expresses pro-choice viewpoints; (e) does not agree with the employer's positions on sexual orientation; or (f) does not agree with the employer's position on religion?

Because the Court has already described the facts of this case in detail in its prior Opinion and Order (ECF No. 61, PageID.1089-1102), it will not repeat them here. The Court therefore incorporates by reference the statement of facts in the Opinion's "Background" section to satisfy M.C.R. 7.308(A)(2)(b)(ii). A copy of the Court's Opinion and Order is attached to this Certificate. The Court is confident that it will provide sufficient factual and legal context to aid the Michigan Supreme Court in resolving these questions.

As provided by L. Civ. R. (W.D. Mich.) 83.1, this case is hereby **STAYED** until the Michigan Supreme Court resolves the relevant questions or declines to answer them.

**IT IS SO ORDERED.**

Date:   July 30, 2026                              /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE